Rutland,
January,
1839.

WILLIAM McCONNELL *v.* HENRY STRONG.

A new trial will not be granted to enable the party to avail himself of a legal defence, where it is inequitable, and substantial justice has been done.

Questions of law raised and decided on exceptions, by the supreme court, cannot be again presented on a petition for a new trial.

Nor on such petition is the affidavit of an auditor to be received, to show what he intended by his report.

THIS was a petition for a new trial of the case of *Strong* v. *McConnell*, decided by this court at the January term, 1838, in this county, and reported in the 10th vol. Vt. R. 231.

The grounds alleged for the application were, that the court mistook the law in accepting the auditor's report and rendering judgment thereon for the plaintiff in that action, and that the petitioner had discovered new and material evidence in said cause, by which he should be able to prove that said Strong kept no account, at the time of the delivery of the boards, charged in his account, and that all said Strong's charges "were made at random, and without any "data to guide him in making such charges."

The petitioner produced the affidavit of the auditor that in making his report in the case of *Strong* v. *McConnell*, he "did not intend to convey the idea that after the delivery "of the boards, there was to be a further negotiation about "their application by the parties, and that there was no evi- "dence, on the hearing, as to the time when the boards were "to be applied or indorsed on the note."

There were other affidavits, showing the manner in which the said Strong kept his accounts, as stated in the petition, and that, at the hearing before the auditor, said Strong swore that he directed McConnell to keep an account of the boards, to be afterwards looked over and applied upon the note.

*R. R. Thrall*, for petitioner.

*S. Foot*, for petitionee.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The only ground on which the petitioner can ask for a new trial is, that he has discovered new and material evidence. The action on book, in favor of *Strong* v. *McConnell*, was finally heard and decided at the last term of the supreme court in this county, and is reported

RUTLAND,
January,
1839.

McConnell
v.
Strong.

in the 10th volume of Vermont Reports, 231. The questions of law raised and decided in that case cannot be again presented for decision on this petition. This point was decided in the case of *Beardsley* v. *adm'r. of Gordon*, 3 Vt. R. 324. The affidavit of the auditor cannot be received to vary or alter the report presented by him at the county court, or to show what he intended by any expressions or terms therein contained. Ample opportunity is usually afforded for correcting and amending such reports, before they are finally acted upon by the county court. The affidavit of the auditor can have no effect on the question now to be decided.

On examining the petition and affidavits, we can discover nothing, which shows that injustice has been done, or that the account was not correctly examined and adjusted, or that a different result would be produced on a new hearing.

If, however, from the affidavits it should have appeared that the petitioner received the boards in payment, so that he could prevail in his legal defence to the action on book, on another trial, we should not have been disposed to grant a new trial to enable the party to avail himself of a defence, which, though legal, was clearly inequitable. There is no question but that the petitioner had boards of the petitionee. The parties do not agree as to the quantity. The petitioner, in his affidavit, says he kept an account of the boards received. If he knew the amount, as he says, and they were received in payment of the note, he should have indorsed it, and not taken judgment for the whole amount of the note, and in that case no recovery could have been had against him in the action on book. If, on the contrary, they were not to be applied in payment, without a subsequent examination, the quantity and prices should have been adjusted before the auditor, and every question in relation to the claim on book should have been presented in that action.

The petitioner, however, relied on his legal defence to the action on book. But having recovered and received the full amount of the note, and having failed in his proof to establish

Rutland,
*January*,
1839.

McConnell
*v.*
Strong.

his defence, there would be no propriety in opening this cause for another trial to enable him to succeed in a legal but not an equitable objection to the action on book, although the affidavits should present a stronger case than we now discover. The petition must, therefore, be dismissed, with cost.